# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. HOUSE, | |
| Plaintiff, | CASE NO. 2:19-CV-10586 |
| v. | JUDGE GERSHWIN A. DRAIN |
| GENERAL ELECTRIC CO., ET AL., | MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS |
| Defendants. | |

**DEFENDANT GENERAL ELECTRIC CO.'S
RULE 12(B)(3), (5), AND (6) MOTION TO DISMISS FOR
IMPROPER VENUE, INSUFFICIENT SERVICE OF PROCESS, AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendant General Electric Co. ("GE") hereby moves to dismiss the Complaint of Plaintiff Michael J. House ("Plaintiff" or "Mr. House") for: (1) improper venue under Fed. R. Civ. P. 12(b)(3); (2) insufficient service of process under Fed. R. Civ. P. 12(b)(5); and (3) failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). A Brief in support of this Motion is attached hereto.

Dated: June 20, 2019									Respectfully submitted,

/s/ Jason M. Renner
Jason M. Renner (P74476)
DINSMORE & SHOHL LLP
900 Wilshire Drive, Suite 300
Troy, MI 48084
Phone:  (248) 203-1632
Fax:     (248) 647-5210
Email:  jason.renner@dinsmore.com

OF COUNSEL:
John D. Luken (admission forthcoming)
Robert M. Zimmerman (adm. forthcoming)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Phone:  (513) 977-8200
Fax:     (513) 977-8141
Email:  john.luken@dinsmore.com
            robert.zimmerman@dinsmore.com

**Attorneys for Defendants
General Electric Co. and
H. Lawrence Culp, Jr.**

## ISSUES PRESENTED

### I.

**Is there a basis for venue in the Eastern District of Michigan for this patent infringement claim?**

Defendant General Electric Co. answers no.

### II.

**Has Plaintiff timely and properly perfected service of process upon General Electric Co.?**

Defendant General Electric Co. answers no.

### III.

**Does Plaintiff's Complaint state a plausible claim for patent infringement against General Electric Co. upon which relief may be granted?**

Defendant General Electric Co. answers no.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)

*In re ZTE (USA) Inc.*, 890 F.3d 1008 (Fed. Cir. 2018)

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017)


**Statutes**

28 U.S.C. § 1400(b)

35 U.S.C. § 271


**Rules**

Fed. R. Civ. P. 4

Fed. R. Civ. P. 12

Mass. R. Civ. P. 4

Mich. Ct. R. 2.105

**DEFENDANT GENERAL ELECTRIC CO.'S BRIEF IN SUPPORT OF ITS
RULE 12(B)(3), (5), AND (6) MOTION TO DISMISS FOR
IMPROPER VENUE, INSUFFICIENT SERVICE OF PROCESS, AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

## I. INTRODUCTION

The Complaint, which alleges that GE has infringed U.S. Patent No. 7,140,873 (the "'873 Patent") owned by Mr. House, should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(3), (5), and (6) because: (1) controlling Supreme Court authority holds that venue is not proper in the Eastern District of Michigan; (2) Mr. House failed to complete service within 90 days, and his attempts to effectuate service have been legally insufficient; and (3) Mr. House's conclusory allegations do not state a plausible claim for patent infringement under the *Twombly/Iqbal* standard.

## II. FACTUAL BACKGROUND

Mr. House's Complaint asserts a single claim against Defendants for direct infringement of the '873 Patent. The Complaint's only allegation related to infringement is that "Defendants severally, jointly, and/or collectively have directly, willingly and literally or under the doctrine of equivalents infringe at least claim 1 of the U.S. Patent NO. 7,140,873 patent by their make, manufacture, use, installation, commission, sale, offer for sale and/or importation of products and

services related to this Multi ALL FUELS PROCESS Invention owned and invented by Michael J. House."[1]

Beyond this averment, the Complaint's only factual allegation is a reference to 20-year old correspondence Mr. House sent to GE. (*Id*.) The Complaint's infringement allegation offers no analysis of how any GE product meets the claim limitations of the '873 Patent. In addressing the amount in controversy for diversity jurisdiction purposes (which is inapplicable), the Complaint references "GENX and GE9X jet engines" but is silent as to how these two products supposedly infringe the '873 Patent. (*Id*.)

Nor does the Complaint set forth any factual basis for venue in this Court. Apart from alleging federal question subject-matter jurisdiction, the Complaint does not identify any reason why this Court is the appropriate venue for this dispute.

### III.   LAW AND ARGUMENT

#### A.   Venue in the Eastern District of Michigan is improper.

The Complaint does not allege that venue is proper in this judicial district, despite the burden of establishing proper venue being on the plaintiff in a patent infringement action. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). The fact that Mr. House is a *pro se* plaintiff does not relieve him of that burden.

---

[1] ECF No. 1, Complaint, PageID.5.

*See, e.g.*, *Ewert v. Netpulse*, No. 2:17-cv-995-CW-BCW, 2018 U.S. Dist. LEXIS 146066, at *8 (D. Utah June 22, 2018) (in a patent infringement case, explaining that, "[n]otwithstanding his *pro se* status, Plaintiff bears the burden to show that 'venue is proper as to each claim and as to each defendant'" (internal citation omitted)).

Venue in patent infringement cases is governed by a special venue statute, 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Section 1400(b) "'is the sole and exclusive provision controlling venue in patent infringement actions.'" *Id.* (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957))). Under § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."

GE does not "reside" in the Eastern District of Michigan for purposes of § 1400(b). "As applied to domestic corporations, 'reside[nce]' in § 1400(b) refers only to the State of incorporation." *TC Heartland*, 137 S. Ct. at 1521 (alteration in original). GE is incorporated in New York, not Michigan. (Declaration of Mahendra Nair, attached as Exhibit A, ¶ 3 ("Nair Declaration"). Therefore, venue in this district is improper under the first prong of § 1400(b).

Nor is venue proper here under the second prong, which requires the defendant to both have a "regular and established place of business" *and* have "committed acts of infringement" in a judicial district for venue to be proper there. Mr. House's Complaint alleges neither that GE has a regular and established place of business in this judicial district, nor that GE has engaged in any infringing activity here. Moreover, the Nair Declaration affirmatively shows that venue is improper in this district at least for the reason that no alleged acts of infringement have occurred here.

Mr. House's Complaint accuses GE of having "directly" infringed the '873 Patent.[2] Under 35 U.S.C. § 271(a), direct infringement occurs if the defendant "makes, uses, offers to sell, or sells" the invention within the United States or "imports" the invention into the United States during the patent term. However, the products accused by Mr. House—the GEnx and GE9X aircraft engines—have not been made, used, offered for sale, or sold by GE in the Eastern District of Michigan; nor have they been imported by GE into the district from outside the United States. The GEnx and GE9X engines are manufactured by GE Aviation,[3] which has no manufacturing facilities in the Eastern District of Michigan. (Nair Declaration, ¶ 8). Likewise, GE Aviation has no maintenance and repair facilities

---

[2] ECF No. 1, Complaint, PageID.5.
[3] GE Aviation (headquartered in Evendale, Ohio) is the operating unit of GE that specializes in providing aircraft engines and parts for commercial, military, business, and general aviation aircraft. (Nair Declaration, ¶ 4).

in this district for servicing aircraft engines such as GEnx or GE9X. (Nair Declaration, ¶ 9). Finally, GE Aviation has no sales operations or sales representatives located in this district, and has not sold, offered to sell, or delivered GEnx or GE9X engines to any customer based here. (Nair Declaration, ¶¶ 10, 11).

Because GE does not "reside" in the Eastern District of Michigan and has not committed any allegedly infringing acts in the district, venue is improper here under § 1400(b). Pursuant to 28 U.S.C. § 1406(a), the district court "shall dismiss" a case "laying venue in the wrong . . . district," unless the district court finds that "in the interest of justice" the case should be transferred "to [the district] in which it could have been brought," rather than dismissed.

GE respectfully submits that dismissal without prejudice is appropriate under the circumstances of this case, as transfer to another district would not serve the "interest of justice." "In determining whether the interests of justice favor transferring a case, courts consider whether the new action would be time barred, whether the claims are likely to have merit, and whether the original action was filed in good faith rather than after the plaintiff realized venue in the forum was improper." *Hildebrand v. Wilmar Corp.*, No. 17-cv-02821-PAB-MEH, 2018 U.S. Dist. LEXIS 53176, at *9 (D. Colo. Mar. 29, 2018) (internal citations omitted). Here, dismissal is more appropriate than transfer because Mr. House is not likely to prevail on the merits. Indeed, Mr. House has failed to state a viable claim for

5

relief, as explained below. *See Hildebrand*, No. 17-cv-02821-PAB-MEH, 2018 U.S. Dist. LEXIS 53176, at *10-11 (declining to transfer a *pro se* patent infringement case to another district and dismissing the *pro se* complaint without prejudice because, *inter alia*, the plaintiff was not "likely to prevail"); *Khan v. Hemosphere Inc.*, No. 18 C 5368, 2019 U.S. Dist. LEXIS 82438, at *10-11 (N.D. Ill. May 16, 2019) (dismissing a *pro se* patent infringement complaint for improper venue); *Ewert v. Netpulse*, No. 2:17-cv-995-CW-BCW, 2018 U.S. Dist. LEXIS 146066, at *9 (D. Utah June 22, 2018), *adopted by Ewert v. Netpulse*, No. 2:17-cv-995-CW, 2018 U.S. Dist. LEXIS 146122 (D. Utah, Aug. 27, 2018) (same). Accordingly, the Court should dismiss Mr. House's Complaint pursuant to Rule 12(b)(3).

    **B.**    **Service of process was untimely and insufficient.**

        **1.**    **Mr. House failed to timely serve his summons and Complaint on GE.**

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must dismiss* the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

6

Because Mr. House filed his complaint on February 26, 2019,[4] he was required to serve GE with the summons and complaint no later than May 26, 2019.

But that did not happen. Instead, Mr. House improperly "served" General Electric on May 30, 2019 via certified mail.[5] Dismissal for insufficient service of process under Rule 12(b)(5) is therefore proper. *See Whitaker v. Stamping*, 302 F.R.D. 138 (E.D. Mich. 2014) (stating that a Rule 12(b)(5) motion is the proper vehicle for challenging the manner or method of service, or the complete lack thereof); *Thomas v. Navient Sols., Inc.*, No. 2:17-cv-12232, 2018 U.S. Dist. LEXIS 106962, at *6 (E.D. Mich. June 27, 2018) ("Under Federal Rule of Civil Procedure 12(b), a party may move to dismiss a complaint for . . . insufficient service of process (12(b)(5)).").

### 2. Mr. House failed to effectuate service on GE.

Rule 4(h) provides that a domestic corporation must be served in a judicial district of the United States in one of two ways:

- (A) in the manner prescribed by Rule 4(e)(1) for serving an individual or

- (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing copy of each to the defendant.

---

[4] ECF No. 1, Complaint, PageID.1-23.
[5] ECF No. 8, Certificate of Service, PageID.62-63.

7

Fed. R. Civ. P. 4(h)(1).

Because certified mail was the only manner of service attempted by Mr. House,[6] he did not comply with the personal service requirements of Rule 4(h)(1)(B). *See Wyatt v. Safeguard Props. LLC*, No. 16-13312, 2018 U.S. Dist. LEXIS 123281, at *7 (E.D. Mich. July 24, 2018) ("Service of process for corporate entities under the federal and state rules requires *personal* service.") (emphasis in original); *Navient Sols*, 2018 U.S. Dist. LEXIS 106962 at *6 (E.D. Mich. June 27, 2018) ("[Plaintiff] did not personally serve any person, and thus did not serve Defendants under Rule 4(h)(1)."); *Christian v. Fed. Home Loan Mortg. Corp.*, No. 13-13795, 2016 U.S. Dist. LEXIS 55093, at *6-7 (E.D. Mich. Apr. 26, 2016) ("Notably, courts have interpreted 'deliver[y] under this rule as requiring personal service on the appropriate agent. Interpreting the rule otherwise would render the second clause of Rule 4(h)(1)(B) superfluous." (internal citations omitted)).

Mr. House's failure to serve GE under subsection (B) leaves him resorting to service under Rule 4(h)(1)(A), which looks to the manner prescribed by Rule 4(e)(1). Rule 4(e)(1) in turn allows service by "following state law for service of a summons in an action brought in courts of general jurisdiction in the state where

---

[6] ECF No. 7, Certificate of Service, PageID.60-61; ECF No. 8, Certificate of Service, PageID.62-63; ECF No. 9, Summons Returned Unexecuted, PageID.64-65; ECF No. 10., Summons Returned Unexecuted, PageID.66-67. Mr. House initially attempted to serve GE at a location in Connecticut which GE left two years ago, then later attempted untimely service on GE at its current headquarters.

8

the district court is located or where service is made." Under either Michigan or Massachusetts law, Mr. House did not comply with this obligation.

Michigan Court Rule 2.105 reads in pertinent part:

> (D) Private corporations, Domestic and Foreign. Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of any office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal of the corporation;
>
> . . . .

Mich. Ct. R. 2.105(D)(1)-(2). Significantly, "serving" is not "synonymous with "'mailing.'" *State Farm Fire & Cas. Co v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 U.S. Dist. 2015, at *10 (E.D. Mich. Jan. 11, 2007) ("[E]ven though 'serving' is not defined in § 2.105, several subsections of § 2.105 make it clear when service by mail is proper. . . . this deliberate distinction suggests that the Michigan Supreme Court did not intend to that term 'serving' be interpreted as synonymous with 'mailing.'").

9

Because Mr. House simply sent a copy of the summons and complaint to GE by certified mail[7] (and never personally served anyone), service of process was insufficient under Michigan law. *See Wyatt*, 2018 U.S. Dist. LEXIS 123281, at *7 ("Service of process for corporate entities under the federal and state rules requires *personal* service."); *Christian*, 2016 U.S. Dist. LEXIS 55093, at *6-7 ("Plaintiffs' attempt to serve Quicken and the Trust by sending the Summons and a copy of the Complaint via certified mail did not comport with these rules.").

Similar to the federal rules, the Massachusetts Rules of Civil Procedure provide that service on a domestic corporation shall be made "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business" or "by delivering such copies to any other agent authorized by appointment or by law to receive such service of process, provided that any further notice required by law be given." Mass. R. Civ. P. 4(d)(2). Again, Mr. House only sent a copy of the summons and complaint to GE by certified mail (and never personally served anyone). Consequently, service of process is insufficient under Massachusetts law as well. *Payne v. Massachusetts*, No. 3:09-CR-147-N, 2010 U.S. Dist. LEXIS 14084, at *10 n.5 (Mass. Dist. Ct. Nov. 18, 2010) ("Mass. R. Civ. P. 4(d)(2), which pertains to domestic corporations, does not authorize service of process by certified

---

[7] ECF No. 8, Certificate of Service, PageID.62-63; ECF No. 10, Summons Returned Unexecuted, PageID.66-67.

or registered mail."); *Weber v. Zurich Fin. Servs. Group*, No. 2003-02153, 2004 Mass. Super. LEXIS 569, at *7 (Mass. Supp. Nov. 30, 2004) (concluding that a failure to personally serve a copy of the complaint upon a designated person resulted in a failure to comply with Rule 4(d)(2)).

Because Mr. House's attempted service by mail is improper under Rule 4, service of process is insufficient as to GE and dismissal of Mr. House's complaint is warranted under Rule 12(b)(5).

### C. The Complaint does not plead any plausible claim against GE.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.*

To survive a motion to dismiss, then, the plaintiff must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). That is, the facts need to make it more than "merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016). "Bare assertions of legal

11

liability absent some corresponding facts are insufficient to state a claim." *Id.*; *see also McDaniels v. United States*, No. 18-6033, 2019 U.S. App. LEXIS 16340, at *3 (6th Cir. May 30, 2019) (applying *Twombly*/*Iqbal* standard to pro se complaint); *Blaney v. Killeen*, No. 16-cv-12074, 2016 U.S. Dist. LEXIS 146496, at *14 (E.D. Mich. Oct. 17, 2016) (same).

Numerous courts have relied on *Twombly* and *Iqbal* to dismiss patent infringement complaints with far more detailed allegations than what Mr. House has offered here. *See, e.g., Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 U.S. Dist. LEXIS 10975 at *4-5 (E.D. Va. Jan. 25, 2017) (dismissing complaint which did "little more than recite the elements of direct infringement" and failed to "identify with any particularity *how* each allegedly infringing feature of the accused products infringe[d] any of the named patents"); *RainDance Techs., Inc. v. 10X Genomics, Inc.*, No. 15-152, 2016 U.S. Dist. LEXIS 33875, at *2 (D. Del. Mar. 4, 2016) (dismissing patent infringement claim because complaint did not make allegations comparing limitations of patent with elements of defendant's product); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (finding that "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement"); *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, at *3 (C.D. Cal. June 7, 2016) (granting

12

motion to dismiss and rejecting plaintiff's argument that access to discovery would allow it to state its claims with more specificity); *c.f. Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) (denying motion to dismiss where technology was basic, plaintiff identified allegedly infringing products, and offered pictures showing how product practiced the patent-in-suit).

Here, the Complaint does not present even a minimal recitation of how GE's products infringe the '873 Patent. It does not describe how the claim limitations of the '873 Patent are met. It does not offer pictures or charts to explain infringement. It does not provide any analysis at all. In fact, the Complaint only identifies an alleged infringing product by referencing two entire jet engine systems.

At a more basic level, the infringement alleged in the Complaint is illogical. The '873 Patent is a process patent.[8] As a manufacturer, GE does not practice this patent. If anyone does, it might be GE's customers (by putting the engines supplied by GE into operation). In that case, the most Mr. House could allege against GE would be indirect (induced and/or contributory) infringement. *See* 35

---

[8] ECF NO. 1, Complaint, PAGEID.23 (independent claim 1 of '873 Patent describing "[a] process for the pre-treatment of fuels prior to combustion within a multi-chambered combustion device").

13

U.S.C. § 271(b) (induced infringement); *id.* § 271(c) (contributory infringement). But Mr. House does not attempt to plead such a theory.[9]

Moreover, to sufficiently plead indirect infringement, a plaintiff must allege intent or at least knowledge by the alleged infringer. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) (contributory infringement requires proof of knowledge that the accused infringer's activity causes infringement; induced infringement requires allegation that accused infringer specifically intended another to infringe and knew that the other party's acts constituted infringement). There are no such allegations of knowledge[10] or intent in the Complaint.

In sum, Mr. House's allegations are cursory and conclusory, and fail to articulate any plausible claim. Under well-established federal precedent, dismissal (or amendment) is appropriate.

## IV. CONCLUSION

The Court should dismiss Mr. House's Complaint because (1) venue is improper, (2) service of process was insufficient, and (3) the Complaint fails to

---

[9] ECF No. 1, Complaint, PAGEID.5 (alleging that Defendants "directly" infringe).
[10] Mr. House identifies some correspondence with GE in 1998, but that is irrelevant to indirect infringement. Mr. House did not file the application that gave rise to the '873 Patent until March 1, 1999, and the '873 Patent did not issue until November 28, 2006. (ECF No. 1, Complaint, PageID.7). Thus, a 1998 letter could not have put GE on notice of the claims of the '873 Patent suit.

14

adequately plead a plausible claim of patent infringement upon which relief may be granted against GE.

Dated: June 20, 2019                     Respectfully submitted,

                                         */s/ Jason M. Renner*
                                         Jason M. Renner (P74476)
                                         DINSMORE & SHOHL LLP
                                         900 Wilshire Drive, Suite 300
                                         Troy, MI 48084
                                         Phone:  (248) 203-1632
                                         Fax:    (248) 647-5210
                                         Email:  jason.renner@dinsmore.com

                                         OF COUNSEL:
                                         John D. Luken (admission forthcoming)
                                         Robert M. Zimmerman (adm. forthcoming)
                                         DINSMORE & SHOHL LLP
                                         255 East Fifth Street, Suite 1900
                                         Cincinnati, OH 45202
                                         Phone:  (513) 977-8200
                                         Fax:    (513) 977-8141
                                         Email:  john.luken@dinsmore.com
                                                 robert.zimmerman@dinsmore.com

                                         **Attorneys for Defendants**
                                         **General Electric Co. and**
                                         **H. Lawrence Culp, Jr.**

15

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 20th day of June 2019, the foregoing document was filed electronically via the Court's CM/ECF filing system. Service was made by U.S. Mail and email as set forth below:

Michael J. House
27855 California Dr. NW
Lathrup Village, MI 48076
Thinkbig.mh@gmail.com

                                              */s/ Jason M. Renner*
                                              Jason M. Renner (P74476)