**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL J. HOUSE,

    Plaintiff,

v.

GENERAL ELECTRIC CO., ET AL.,

    Defendants.

CASE NO. 2:19-CV-10586

JUDGE GERSHWIN A. DRAIN

MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**DEFENDANT GENERAL ELECTRIC CO.'S REPLY BRIEF IN SUPPORT OF ITS
RULE 12(B)(3), (5), AND (6) MOTION TO DISMISS FOR
IMPROPER VENUE, INSUFFICIENT SERVICE OF PROCESS, AND
FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

## I.   VENUE IN THE EASTERN DISTRICT OF MICHIGAN IS IMPROPER.

Because GE does not "reside" in the Eastern District of Michigan, Plaintiff must show that GE *both* has a "regular and established place of business" *and* has committed "acts of infringement" in this district to establish venue here.  *See* 28 U.S.C. § 1400(b).  However, neither the Complaint nor Plaintiff's Response to GE's Motion to Dismiss identifies any allegedly infringing act that GE has committed in this district.  Venue is therefore improper.

The Complaint accuses GE of "directly" infringing the '873 Patent.[1]  If the claims of the '873 Patent were drawn to an apparatus, then one could commit an act of direct infringement in this district by making, using, offering to sell, selling, or importing the patented apparatus here.  *See* 35 U.S.C. § 271(a).  But because the '873 Patent claims a *process* (specifically, "[a] process for the pre-treatment of fuels prior to combustion within a multi-chambered combustion device"), it could be directly infringed in this district only by someone who "used" the patented process here.  *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 (Fed. Cir. 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use.").  Mr. House, however, does not assert, in either the Complaint or his Response to GE's Motion, that GE has

---

[1] ECF No. 1, Compl., PageID.5.

ever "used" the claimed process (e.g., by operating the accused GEnx and GE9X aircraft engines) in *this* judicial district.[2]

Instead, Mr. House asserts that infringement occurs "daily" at Detroit Metro Airport, "where airplanes with these GE engines, like the 747-B and similar aircraft, are flown and operated, maintained and serviced with GE parts as well as replaced if need be."[3]  But these activities—"fl[ying]," "operat[ing]," "maintain[ing]," and "servic[ing]" aircraft outfitted with GE engines—are carried out by third parties (i.e., the airlines operating these aircraft), not GE.  And since § 1400(b) expressly requires "the defendant" to have committed acts of infringement in the forum, Mr. House's assertions regarding the conduct of these third parties cannot establish venue.

Moreover, while "acts of infringement" in § 1400(b) are not limited to *direct* infringement, *S. Visions, LLP v. Red Diamond, Inc.*, No. 1:18-CV-04566-ELR, 2018 U.S. Dist. LEXIS 225607, at *8 (N.D. Ga. Dec. 10, 2018), the Complaint only attempts to plead direct infringement.[4]  It does not allege that GE actively induced

---

[2] In fact, even if the sale or manufacture of GEnx and GE9X engines could constitute direct infringement of the methods claimed in the '873 Patent, Mr. House's Response does not dispute the facts in the Nair Declaration establishing that GE has not engaged in such sale or manufacture in this district.  ECF No. 13-2, Nair Decl., PageID.119-120.  In his Response, Mr. House asserts that GE has a facility in the Eastern District of Michigan.  ECF No. 17, Resp. to Mot. to Dismiss, PageID.129.  However, as stated in the Nair Declaration, no sale or manufacture of the accused engines has occurred at that facility or elsewhere in the district.  Mr. House does not contend otherwise.

[3] ECF No. 17, Resp. to Mot. to Dismiss, PageID.129.

[4] ECF No. 1, Compl., PageID.5.

anyone else to infringe in violation of 35 U.S.C. § 271(b). And while Mr. House's Response suggests, in the most conclusory fashion, that he could plead a claim of induced infringement,[5] his amending the Complaint to try to restate his claim as one of inducement would still be futile as to the question of venue.

First, Mr. House cannot state a viable claim of inducement. To do that, he would have to allege *both* that a third party has directly infringed the '873 Patent *and* that GE "knowingly induced" and "possessed specific intent to encourage" the infringement. *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 407-08 (Fed. Cir. 2018). However, as discussed below at pp. 6-7, neither the Complaint nor Mr. House's Response plausibly alleges that anyone has directly infringed the '873 Patent, let alone that GE has knowingly and intentionally induced such infringement. Most significantly, although the alleged inducer's knowledge of the patent-in-suit is a prerequisite for a finding of knowledge and intent to induce, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009), Mr. House does not assert that GE knew of the '873 Patent prior to this lawsuit.

Second, even if Mr. House could theoretically plead inducement, he has identified no act of inducement that GE has allegedly committed in *this district*. *See Jervis B. Webb Co. v. S. Sys.*, 495 F. Supp. 145, 146 (E.D. Mich. 1980) (finding venue improper under § 1400(b) where "there [was] not sufficient activity [by the

---

[5] ECF No. 17, Resp. to Mot. to Dismiss, PageID.129.

defendant] in this district to constitute an inducement to infringe").[6]    Thus,

permitting Mr. House to start over so that he could switch his theory of liability from

direct to induced infringement would not solve the venue problem.

Under § 1400(b), this district is simply not a proper venue for this case.  The

Court should dismiss the Complaint without prejudice pursuant to Rule 12(b)(3).[7]

## II.    THE COMPLAINT DOES NOT PLEAD ANY PLAUSIBLE CLAIM AGAINST GE, AND MR. HOUSE'S PROPOSED AMENDMENTS ARE FUTILE.

Mr. House does not dispute that the Complaint fails to state a plausible claim

of direct infringement against GE.  Indeed, the Complaint's factual allegations are

plainly inadequate under *Twombly*/*Iqbal*.[8]    However, Mr. House asks the Court to

allow him to file an amended complaint setting forth additional allegations, which

---

[6] A more recent decision from U.S. District Court for the Eastern District of Texas seems to suggest that venue can be proper under § 1400(b) even if the defendant's acts of inducement did not occur in the forum district, as long as those acts led a third party to commit direct infringement there.  *See Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 789 (E.D. Tex. 2017), *vacated on other grounds sub nom*, *In re Cray*, 871 F.3d 1355 (Fed. Cir. 2017).  However, insofar as *Raytheon* implies that the defendant's inducing acts need not have occurred in the forum district to support venue there, that decision is inconsistent with the text of § 1400(b), which expressly requires "the defendant" to have committed "acts of infringement" in the district.  In doing so, the statute places the focus on *the defendant's* (and not third parties') activities in the district.  In any event, *Raytheon* is in no way binding on this Court.

[7] GE's Motion also sought dismissal for improper service.  ECF No. 13, Mot. to Dismiss, PageID.105-110.  Mr. House does not dispute that his initial attempt to serve GE was insufficient, but requests that the Court give him 14 additional days to complete proper service.  ECF No. 17, Resp. to Mot. to Dismiss, PageID.129. However, because the Complaint should in any event be dismissed for improper venue, granting Mr. House's request would serve no purpose.

[8] ECF No. 13, Mot. to Dismiss, PageID.111-113.

he describes in his Response, and which he suggests would allow him to state a claim of direct infringement against GE or, "in the alternative," a claim of induced infringement.[9]   Because the allegations that Mr. House proposes adding to the Complaint would still be inadequate to withstand a motion to dismiss under Rule 12(b)(6), the Court should deny Mr. House's request for leave to amend as futile.[10]

To plead *direct* infringement, a plaintiff "must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s)." *Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, No. 18-098 (MN), 2018 U.S. Dist. LEXIS 213202, at \*5-6 (D. Del. Dec. 19, 2018) (internal citation omitted). "Where, as here, the asserted claims are method claims, it is well-established that direct infringement exists only where there is performance of every step of the claimed method." *Id.* (citing *Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1366 (Fed. Cir. 2012)).  In responding to GE's Motion, Mr. House asserts that the accused GE engines operate by "increasing the pressure ratio inside the engine and also raising the temperature" and use "materials that [are] able to withstand the increased temperatures and pressures inside the core."[11]   However, these assertions

---

[9] ECF No. 17, Resp. to Mot. to Dismiss, PageID.129-131.

[10] As discussed above at pp. 3-4, granting Mr. House leave to amend would also be futile because the amended complaint would not survive a motion to dismiss under Rule 12(b)(3) for improper venue.  Venue would still be improper under a theory of either direct or induced infringement, as Mr. House has identified no "acts of infringement" that GE has allegedly committed in *this district*, as § 1400(b) requires.

[11] ECF No. 17, Resp. to Mot. to Dismiss, PageID.130-131.

still do not even begin to establish direct infringement by anyone, as they do not plausibly allege the performance of any, much less all, of the steps required to infringe the methods of independent claim 1 or dependent claims 2-7.[12]  And even if these assertions were enough to allege direct infringement by third parties, they still would not establish direct infringement by *GE*, as Mr. House does not attribute the performance of any of the required method steps to GE.

Nor can Mr. House state a claim of *induced* infringement.  That would require him to show not only that a third party has directly infringed the '873 Patent, but also that GE induced the infringement with knowledge and specific intent.  *See supra* at 3.  However, as discussed immediately above, Mr. House does not plausibly plead the underlying direct infringement.  And to plead knowledge and specific intent by GE, Mr. House would have to allege that GE, among other things, had knowledge of the '873 Patent prior to this lawsuit, *Vita-Mix*, 581 F.3d at 1328, but he does not even suggest that this was the case.  Rather, he claims only that he referenced a provisional patent application in a "letter of submission" to GE dated September 4,

---

[12] For example, independent claim 1 requires, *inter alia*, "super pre-heating a fuel within a main chamber of [a] multi-chambered combustion device" by using "an internal electrical resistance induction element," then "selectively increasing the pressure" of the fuel by "controlling [its] flow," then "keeping [the] elevated temperature constant" by using the "electrical resistance induction element . . . to further maintain an elevated pressure of [the] fuel," and then "transferring [the] temperature-elevated fuel into a combustion chamber" that uses an "electrical discharge element for combustion" and is "in fluid communication with [the] main chamber."  ECF No. 1, Compl., PageID.23.

1998.[13]  But for induced infringement, "[k]nowledge of a patent application is not enough" to establish knowledge of *the patent*.  *Verint Sys. v. Red Box Recorders Ltd.*, No. 14-cv-5403 (KBF), 2016 U.S. Dist. LEXIS 169377, at \*4 (S.D.N.Y. Dec. 7, 2016) (citing S*tate Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).  That is even more true here, as the 1998 letter on which Mr. House relies mentioned only an *unpublished provisional* patent application, the '873 Patent did not claim priority to or even mention this provisional application,[14] and the patent itself did not issue until a full eight years after Mr. House's 1998 letter to GE.[15]

In short, Mr. House's proposed amendments to the Complaint would be futile. Under these circumstances, if the Court decides GE's Motion on Rule 12(b)(6) rather than venue grounds, a dismissal with prejudice would be appropriate.

Dated: August 23, 2019
*/s/ Jason M. Renner*
Jason M. Renner (P74476)
DINSMORE & SHOHL LLP
900 Wilshire Drive, Suite 300
Troy, MI 48084
Phone:  (248) 203-1632
Email:  jason.renner@dinsmore.com
*Counsel for Defendant GE*

---

[13] ECF No. 17, Resp. to Mot. to Dismiss, PageID.130.

[14] ECF No. 1, Compl., PageID.9, column 1, lines 5-9.

[15] This lawsuit was not sufficient to put GE on notice of the '873 Patent either, because the patent had expired for failure to pay maintenance fees months before Mr. House attempted to serve the Complaint on GE, as the records publicly available from the USPTO's Patent Application Information Retrieval ("PAIR") system show.  *See* PAIR Records, attached as Exhibit A.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 23, 2019, the foregoing document was filed electronically via the Court's CM/ECF filing system.  Service was made by email and U.S. mail as set forth below:

Michael J. House
27855 California Dr. NW
Lathrup Village, MI  48076
Thinkbig.mh@gmail.com

*/s/ Jason M. Renner*
Jason M. Renner (P74476)